IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN KUTZ,

CASE NO.: 2:25-cv-00152-SPC-NPM

Plaintiff,

v.

BONITA SPRINGS FIRE CONTROL
AND RESCUE DISTRICT,

Defendant.
_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

COMES NOW Plaintiff, by and through the undersigned attorneys of record, pursuant to Local Rule 3.01, and files this Reply to Defendant's Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint. In support thereof, Plaintiff states the following:

### I.    Plaintiff Acted Diligently

Plaintiff filed the initial complaint On February 26, 2025. Doc. 1. (the "Complaint"). Defendant did not move to dismiss the Complaint but answered it on April 18, 2025 (Doc. 12). On May 13, 2025, this Court entered a Case Management & Scheduling Order (Doc. 16) giving Plaintiff until June 9, 2025 to amend the Complaint (the "Scheduling Order"). Plaintiff filed an Amended Complaint on May 23, 2025 to add a count for retaliation that occurred after the

1

filing of the initial complaint. Doc. 20. Defendant subsequently filed a combined motion for summary judgment and motion to dismiss on June 19, 2025—ten days after the expiration of Plaintiff's deadline to amend pleadings (the "Summary Judgment Motion"). Doc. 23. The Summary Judgment motion alleged deficiencies in Plaintiff's pleading for the very first time.

After this Court denied Defendant's Summary Judgment Motion on June 24, 2025, noting that the action was still in its infancy, (Doc. 24) the parties conferred regarding Defendant's intent to refile the Summary Judgment Motion as a motion to dismiss. On June 26, 2025, the undersigned provided case law and briefing to Defense counsel in an effort to avoid the need to litigate a motion to dismiss. The undersigned contacted Defense counsel again on July 9, 2025 to attempt further conferral. The undersigned finally heard from Defense counsel on July 14, 2025, the day before Defendant's response to the Amended Complaint was due. During the conferral call, counsel for Defendant informed Plaintiff that Defendant intended to move forward with filing a motion to dismiss.

The undersigned requested an opportunity to amend the Amended Complaint to address the alleged deficiencies. Counsel for Defendant declined to consent to such an amendment due to the lack of time to confer before Defendant's deadline to respond to the Amended Complaint. The parties agreed that Defendant would file its Motion to Dismiss the Amended Complaint ("Motion to Dismiss") and Plaintiff would file his Motion for Leave to File a Second Amended Complaint

(the "Motion for Leave"), which they did on July 15, 2025.[1] While Plaintiff maintains that the Amended Complaint is not deficient (as he fully briefed in his Response to the Motion to Dismiss (Doc. 32)), the above facts make it clear that he acted diligently to confer with Defendant when such deficiencies were alleged and sought leave to amend the pleading to supply additional relevant facts.

In Plaintiff's Motion for Leave, the undersigned cited to *Kidwell v. Charlotte Cty. Sch. Bd.,* No. 2:07-cv-13-FtM-34SPC, 2007 U.S. Dist. LEXIS 114042 (M.D. Fla. Aug. 20, 2007*)* for the sole purpose of explaining that "good cause" must be shown for the Court to grant the relief requested in the Motion for Leave. Defendant also cited to *Kidwell* in its Response for the proposition that "motions filed after the leave to amend deadline should be denied." *Id at *2*. However, the plaintiff in *Kidwell* sought leave to amend the complaint to add additional parties, improper claims that lacked a valid factual or legal basis, and a jury demand. *Kidwell* at *2. Here, Plaintiff's Proposed Second Amended Complaint does not seek to add any additional parties or claims. Instead, Plaintiff seeks leave to plead additional factual allegations to support the claims already at issue and address the pleading deficiencies alleged in Defendant's Motion to Dismiss.

---

[1] That motion for leave contained an unintentional error in the title stating that it was unopposed while the conferral certification at the end of the motion correctly stated that the motion was opposed. The undersigned takes his duty of candor to this Court seriously and sincerely apologizes for any confusion or misunderstanding that may have caused by the error in the title.

While it is true that Plaintiff was aware of the additional factual allegations contained in the proposed Second Amended Complaint at the time he filed the initial Complaint and the Amended Complaint, such prior knowledge is only one of three factors for this Court's consideration. *See Aprile v. J. Mcgarvey Constr. Co., Inc.*, No. 2019CV207FTm32MRM, 2020 WL 13645719 at *2 (M.D. Fla. May 12, 2020) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). This Court must also examine whether Plaintiff unreasonably delayed filing the Motion to Amend. *Id.* While Defendant cites a litany of cases in its Response to support its position that Plaintiff failed to act diligently, a close examination of each of the cited cases reveals that the moving parties engaged in unreasonable delays.[2] Based on the facts in the instant case, Plaintiff moved swiftly to seek leave

---

[2] *See Moyer v. Walt Disney World Co.*, 146 F. Supp. 2d 1249, 1250 (M.D. Fla. 2000) (Plaintiff engaged in a "pattern of dilatory conduct throughout the lawsuit"); *Senger Bros. Nursery, Inc. v. E.I. Dupont de Nemours & Co.*, 184 F.R.D. 674, 676 (M.D. Fla. 1999) (plaintiff sought to amend "[a] year and six months after removal to federal court, five months after the case was scheduled for trial, one year after the discovery cutoff date, and more than ten months after the deadline for filing motions"); *Aprile*, 2020 WL 13645719 at *2 (Plaintiff waited four months after acquiring information prompting the amendment); *Vital Pharms. v. Alfieri*, 576 F. Supp. 3d 1150, 1154 (S.D. Fla. 2021) (motion for leave filed just prior to the close of discovery); *Valpak Direct Mktg. Sys. v. Maschino*, 349 F. App'x 368, 370 (11th Cir. 2009) (defendant sought leave to amend answer two days before discovery ended and more than seven months after the deadline to amend passed); *Tippett v. Wells Fargo Bank, N.A.*, No. 5:20-cv-342-BJD-PRL, 2021 U.S. Dist. LEXIS 183613, at *4 (M.D. Fla. Sep. 24, 2021) (plaintiff failed to seek leave to amend after a motion to dismiss was filed, but waited until after dismissal was recommended to do so); *Holman v. Lee Mem'l Health Sys.*, No. 2:18-cv-76-FtM-38MRM, 2019 U.S. Dist. LEXIS 151492, at *9 (M.D. Fla. July 24, 2019) (denying motion to leave to amend complaint filed eleven months after the deadline nothing the advanced stage of discovery in the case); *United States v. Guldmann, Inc.*, No. 8:14-cv-1089-T-23JSS, 2016 U.S. Dist. LEXIS 181902, at *2 (M.D. Fla. Apr. 20, 2016) (denying

to amend after learning of the alleged deficiencies and conferring in good faith with Defendant regarding those alleged deficiencies. As a result, good cause exists to grant the Motion for Leave.

## II.    Plaintiff's Amendment is Not Futile and Defendant Would Not Suffer Any Undue Prejudice

Defendant claims Plaintiff's amendment is futile.  This is simply not the case. Plaintiff sought leave to file the Second Amended Complaint after Defendant alerted him to the allegations raised in Defendant's Summary Judgment Motion and Motion to Dismiss. While Plaintiff believes Defendant's Motion to Dismiss should be denied, the proposed Second Amended Complaint contains additional factual allegations that clarify the exhaustion of administrative remedies issue and ensures further solidify that Plaintiff's claims meet the pleading standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Therefore, the proposed Second Amended Complaint is anything but futile—it remedies all alleged deficiencies and permits the case to be heard on its merits.

Finally, Defendant claims in its Response that granting leave to amend the complaint would cause Defendant to suffer undue prejudice and would impose a significant burden on Defendant. As this Court recognized in its order denying Defendant's Motion for Summary Judgment, the case is still in its initial stages. Doc. 24 at 2. Defendant has neither propounded written discovery nor has it

---

motion for leave to amend where plaintiff filed the motion 15 months after the deadline and after both plaintiff and defendant filed summary judgment motions).

scheduled a single deposition. Granting leave to amend the complaint will not result in Defendant incurring any additional discovery costs or burdens.

Defendant further claims that granting the motion would unduly prejudice it because it would be "forced to incur the time and expense of responding to the Second Amended Complaint and defending against those claims that Plaintiff purposefully failed to timely plead." Doc. 29 at 10. Plaintiff did not "purposefully fail[] to timely plead" any claims, but only added factual allegations to support the claims already pleaded. The proposed Second Amended Complaint does not bring any new causes of action or parties, or expand the scope of the litigation or Defendant's liability. Therefore, Defendant cannot show that it would be unduly prejudiced by the amendment. Instead, it would merely be required to defend against the action in the normal course.

WHEREFORE, Plaintiff asks this Court to GRANT Plaintiff's Motion for Leave to File the Second Amended Complaint.

Respectfully submitted this 8th day of August 2025.

<div style="margin-left: 40%;">

**DELEGAL POINDEXTER & UNDERKOFLER, P.A.**

*/s/ James C. Poindexter*
T.A. ("TAD") DELEGAL, III, B.C.S
Florida Bar No.: 0892701
JAMES C. POINDEXTER
Florida Bar No.: 116039
ALEXANDRA E. UNDERKOFLER
Florida Bar No.: 1018209
424 East Monroe Street
Jacksonville, Florida 32202
Telephone No.: (904)633-5000

</div>

Facsimile No.: (904) 358-2850
Email: tad@delegal.net
Email: james@delegal.net
Email: alex@delegal.net
Secondary email: office@delegal.net
COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 8th day of August 2025 a true and correct copy of the foregoing was electronically filed in the US District Court, Middle District of Florida, using the CM/ECF system.

*/s/ James C. Poindexter*
Attorney